**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

MARK CHRISTOPHER TRACY,

    Plaintiff - Appellant,

v.

VAIL RESORTS, INC., d/b/a Park City
Mountain Resort, DOES 1-20,

    Defendant - Appellee.

No. 21-4145
(D.C. No. 2:21-CV-00250-TC)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Plaintiff-appellant Mark Tracy, proceeding pro se, appeals the district court's

order dismissing his lawsuit against Vail Resorts, Inc., d/b/a Park City Mountain

Resort (Vail) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state

a claim.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.[1]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In both the dismissal order and the judgment, the district court stated it was
dismissing "the case."  R. at 69, 71.  Neither mentioned the Doe defendants, but
unnamed defendants who are not served are not parties to the case and do not prevent

## Background

Because we are reviewing a dismissal for failure to state a claim, we assume the truth of the following facts taken from Mr. Tracy's complaint. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir.), *cert. denied*, 142 S. Ct. 477 (2021).

Mr. Tracy was employed as a Public Safety Officer at Park City Mountain Resort.[2]  In January 2020, he started documenting unsafe and hazardous working conditions at the Resort, including (1) illicit drug use by employees on company property; (2) "open and accessible alcoholic beverages" on company property after hours, R. at 10; and (3) employees' "improper operation of heavy machinery during severe winter conditions near pedestrians during hours of darkness," R. at 10-11.  He verbally informed the Resort's Public Safety Manager (PSM) about these problems before he started documenting them.

In March 2020, the PSM informed Mr. Tracy that his shift that day had been suspended "due to time discrepancies."  R. at 11 (internal quotation marks omitted). The next day, she told him he had been "let go for sitting on furniture in the hotel lobby area" during the overnight shift on an unspecified date.  *Id.* (internal quotation marks omitted).

---

a dismissal order on all other claims from being final and appealable.  *See Raiser v. Utah Cnty.*, 409 F.3d 1243, 1245 n.2 (10th Cir. 2005).

[2] In its response brief, Vail indicated that Mr. Tracy's employer was actually VR CPC Holdings, Inc., which is an indirect subsidiary of Vail.  That correction is of no consequence to the issues on appeal.

Mr. Tracy filed complaints with the Utah Labor Commission (ULC) and Equal Employment Opportunity Commission (EEOC). Thereafter, Vail failed to provide documentation of his termination and would not allow him to recover his personal property from company property.

Mr. Tracy alleged that Vail's adverse employment decisions were based on his having "exercised his rights under Title VII by documenting hazardous working conditions and imminent threats of grave bodily harm." R. at 9. He asserted only one claim for relief—that Vail violated Title VII by suspending and firing him "in retaliation for exercising his federally protected rights." R. at 12. He did not separately plead a discrimination claim, but in the opening paragraph of the complaint he alleged that Vail discriminated against him by firing him for that reason, and later in the complaint he alleged that the PSM did not explain why "other employees not of the same protected class" had not been terminated for the same reason. R. at 11.

Vail moved to dismiss the action under Rule 12(b)(6) for failure to state a claim. As for the retaliation claim, it argued that whistleblower activity unrelated to employment discrimination is not protected activity under Title VII. And it argued that to the extent Mr. Tracy also intended to assert a discrimination claim, the claim failed because he alleged no facts suggesting that he was a member of a protected class and that Vail treated him and similarly-situated employees who were not in the same class differently.

In his opposition to the motion, Mr. Tracy explained that the protected activities underpinning his retaliation claim were his exercise of his constitutional right to free speech, his "internal complaint[s]" to management, R. at 28, and his having filed complaints with the ULC and EEOC after his termination. He further explained that his discrimination claim was based on the fact that, assuming Vail fired him for "sitting on company furniture," it failed "to take similar adverse action against other" employees for the same conduct. R. at 30 (internal quotation marks omitted). He indicated that documents he filed with the ULC established that he was over forty years old and that Vail did not "take corrective action against another" employee "who was a different race than Mr. Tracy and not [a] member of the same protected class." *Id.*[3]

A magistrate judge issued a report and recommendation (R&R) that the district court grant the motion to dismiss. Mr. Tracy timely objected, but on de novo review, the district court overruled his objections, adopted the magistrate judge's recommendation, granted the motion, and dismissed the case with prejudice. Specifically, the court held that his retaliation claim failed because reporting hazardous working conditions is not a protected activity under Title VII, and his discrimination claim failed because "his status as an older worker ha[d] no bearing

---

[3] Mr. Tracy also maintained that his complaint stated a plausible "supplemental state law claim for unlawful conversion" based on his allegations that Vail "prohibited [him] from returning to company property to recover expensive personal items." R. at 30 (capitalization omitted). He did not pursue this argument on appeal, so we do not address it.

on his complaint" because he alleged that Vail fired him for reporting hazardous working conditions, not because of his age. R. at 69. This appeal followed.

## Discussion

Initially, we note that because Mr. Tracy is proceeding pro se, we construe his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We thus make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id.* And the liberal-construction rule does not relieve him of his burden to plead a legally cognizable claim. *Hall*, 935 F.2d at 1110.

### 1. Legal Standards

We review dismissals under Rule 12(b)(6) for failure to state a claim de novo, applying the same standards that applied in the district court. *See Cnty. of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1034 (10th Cir. 2002). To avoid dismissal, "a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotation marks omitted). In conducting our review, we accept all well-pleaded facts as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences in his favor. *Brooks*, 985 F.3d at 1281. We "disregard conclusory statements and look only to whether the remaining, factual

5

allegations plausibly suggest the defendant is liable." *Khalik*, 671 F.3d at 1191. Our duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Title VII forbids employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Mr. Tracy did not present any direct evidence of discrimination, so we analyze his claim under the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *Khalik*, 671 F.3d at 1192.

Under *McDonnell Douglas*, the plaintiff carries his initial burden of proving a prima facie case of discrimination by showing that he (1) is a member of a protected class, (2) suffered an adverse employment action, (3) was qualified for the position at issue, and (4) was treated less favorably than others not in the protected class. *Khalik*, 671 F.3d at 1192. The burden then shifts to the employer to offer "a legitimate, non-discriminatory reason for the adverse employment action." *Id.* If the employer makes that showing, the burden shifts back to the plaintiff to show that his "protected status was a determinative factor" in the employer's decision or that the employer's explanation is pretextual. *Id.*

Title VII also makes it unlawful for an employer to retaliate against an employee who "opposed any practice made an unlawful employment practice" by Title VII. *See* 42 U.S.C. § 2000e–3(a). Because Mr. Tracy presented no direct evidence of retaliation, we again analyze his claim under the *McDonnell Douglas*

6

framework.  A plaintiff meets his initial burden of establishing a prima facie case of retaliation by showing that (1) he engaged in protected opposition to discrimination; (2) he suffered an adverse action that a reasonable employee would have found material; and (3) there is a causal nexus between his protected activity and the employer's adverse action.  *Khalik*, 671 F.3d at 1193.  To qualify as "protected opposition" the employee must have an objectively reasonable and good-faith belief that the employer engaged in a practice made unlawful by Title VII.  *See Crumpacker v. Kan. Dep't of Hum. Res.*, 338 F.3d 1163, 1171 (10th Cir. 2003); *see also Hansen v. SkyWest Airlines*, 844 F.3d 914, 926 (10th Cir. 2016) (explaining that Title VII protects an employee who reasonably believes he is opposing in unlawful employment discrimination, whether or not an actual violation occurred).

At the pleading stage, the plaintiff is not required to establish a full-blown prima facie case of discrimination or retaliation—he is only required to allege facts sufficient to set forth a plausible claim.  *Khalik*, 671 F.3d at 1193.  Thus, to survive the motion to dismiss, Mr. Tracy's complaint only needed to allege facts linking Vail's employment decisions to a discriminatory or retaliatory motive, *see id.* at 1194, and "giv[ing] rise to a reasonable inference of discrimination" or retaliation, *Bekkem v. Wilkie*, 915 F.3d 1258, 1275 (10th Cir. 2019).

### 2. Application

Mr. Tracy did not meet his initial burden for a discrimination claim.  Title VII prohibits employment discrimination based on five protected classes—race, color, religion, sex, and national origin.  42 U.S.C. § 2000e-2(a)(1); *see Khalik*, 671 F.3d

at 1192. It does not prohibit other forms of unfair or discriminatory conduct.

Mr. Tracy did not allege in the complaint that he was a member of one of those

protected classes, much less that Vail terminated him on that basis. Although he

indicated in his opposition to the motion to dismiss that he is over forty and that Vail

did not take corrective action against an unnamed non-white employee who also sat

on company furniture, the allegations in the complaint did not establish a link

between either his age or his race and Vail's employment decisions. He thus failed to

plead a plausible discrimination claim. *See Khalik*, 671 F.3d at 1193-94. We are not

persuaded otherwise by Mr. Tracy's criticism of Vail for not providing an

explanation for its handling of other employees' similar conduct. Because Mr. Tracy

failed to meet his initial burden of establishing a prima facie discrimination case, "his

entire case fail[ed]," *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir.

2012), so Vail was not required to offer an explanation, *see id.* at 506.

Mr. Tracy also did not plead a plausible retaliation claim. Nothing in the

complaint suggested that he opposed illegal discrimination during his employment

with Vail, let alone that Vail fired him in retaliation for doing so. Nevertheless, he

maintains that Vail retaliated against him for engaging in what he claims are three

protected activities: (1) reporting workplace safety concerns to Vail management;

(2) exercising his First Amendment right to free speech; and (3) filing a formal

complaint with the ULC after his termination.

Contrary to Mr. Tracy's contention, his reports to management of hazardous

working conditions were not protected activity under Title VII. He cited no

8

authority, and we are not aware of any, holding that speaking out in opposition to work conditions that are not tied to discrimination is protected activity under Title VII. *See O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1255 (10th Cir. 2001) (observing that attorney's letter to employer accusing it of reassigning plaintiff in retaliation for filing EEOC discrimination and retaliation claims constituted protected activity but that a letter "complain[ing] about unfair treatment in general and express[ing] . . . dissatisfaction . . . that someone else was awarded [a] position" was not protected conduct under Title VII because it did not "specifically complain about age discrimination").

His contention that his reports of unsafe working conditions were a protected activity under Title VII because he was exercising his First Amendment rights fares no better. Title VII does not protect against adverse employment decisions based on an employee's exercise of his right to free speech. And Mr. Tracy could not assert a plausible First Amendment retaliation claim against Vail because it is not a public employer. *Cf. Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006) (recognizing that "the First Amendment protects a *public employee's* right, in certain circumstances, to speak as a citizen addressing matters of public concern." (emphasis added)); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1202 (10th Cir. 2007) (discussing elements of freedom of speech retaliation claim and explaining that "when *government employees* speak on matters of public concern, they must face only those speech restrictions that are necessary for their employers to operate efficiently and effectively" (emphasis added) (internal quotation marks omitted)).

9

Mr. Tracy's assertion that filing the ULC complaint constituted protected activity under Title VII also does not save his complaint from dismissal. True, filing a discrimination or retaliation complaint with the ULC was a protected activity. *See O'Neal*, 237 F.3d at 1254-55. But Mr. Tracy filed his ULC complaint long after Vail terminated him. Accordingly, it was not the impetus for Vail's adverse employment decisions and cannot form the basis of a retaliation claim. *See McGowan v. City of Eufala*, 472 F.3d 736, 744 (10th Cir. 2006) (discussing the "required link between the protected activity and subsequent adverse employment action"); *cf. O'Neal*, 237 F.3d at 1255 ("Because this adverse action followed the protected conduct by one day, a causal connection is established.").

Finally, for the first time in his reply brief, Mr. Tracy contends that his complaint stated plausible claims (1) under the Age Discrimination in Employment Act, which makes it unlawful for an employer to take adverse action against an employee "because of [his] age," 29 U.S.C. § 623(a); and (2) for "retaliatory action for reporting criminal activities to police authorities," Reply Br.at 2. But nothing in his complaint even hinted at such claims, and he did not raise these issues in district court, either in his opposition to the motion to dismiss or in his objection to the magistrate judge's R&R. We thus decline to address these new arguments. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) (recognizing that federal appellate courts generally do "not consider an issue not passed upon below"); *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief.").

10

## **Conclusion**

The judgment is affirmed.

Entered for the Court

Joel M. Carson III
Circuit Judge